UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JORDAN BRADLEY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|              v. | )  NO.  3:12-1033 |
| | )  Judge Trauger/Bryant |
| SHERIFF ROBERT ARNOLD, et al., | ) |
| | ) |
|     Defendants | ) |

## REPORT AND RECOMMENDATION

**TO: THE HONORABLE ALETA A. TRAUGER**

      Defendants have filed their motion for judgment on the pleadings (Docket Entry No. 18), seeking dismissal on grounds of failure to state a claim under 42 U.S.C. § 1983 and for mootness. Plaintiff Bradley has not responded in opposition.

      For the reasons stated below, the undersigned Magistrate Judge recommends that the complaint be dismissed as moot.

## SUMMARY OF THE COMPLAINT

      Plaintiff Bradley, proceeding *pro se* and *in forma pauperis*, has filed his complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants, Sheriff Robert Arnold and the Rutherford County Sheriff's Department, have violated his Constitutional rights by confining him in a facility lacking rehabilitative programs and access to a law library (Docket Entry No. 1). Plaintiff seeks only injunctive relief, consisting of an order requiring that he be transferred to a facility operated by the Tennessee Department of Corrections ("TDOC").

      Defendants have attached as an exhibit to their memorandum in support a copy of what appears to be a record of the

Rutherford County Sheriff's Office indicating that Plaintiff Bradley was transferred to a TDOC facility on January 4, 2013 (Docket Entry No. 19-1).

**ANALYSIS**

A district court cannot grant a motion to dismiss[1] simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to dismiss to insure that he has discharged his burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The Sixth Circuit Court of Appeals has held that claims for declaratory and injunctive relief in actions against prison officials are moot when the inmate plaintiff is no longer incarcerated in the prison employing the defendant officials. *Dellis v. Corrections Corp. of Am.,* 257 F.3d 508 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996). Here, Plaintiff Bradley seeks only injunctive relief – consisting of a transfer from custody of the Defendant Rutherford County Sheriff's Department to that of TDOC. From this record, it appears that such transfer occurred on January 4, 2013. The undersigned Magistrate Judge, therefore, finds that the complaint has been rendered moot, both because Plaintiff Bradley has now received the relief he seeks

---

[1] Defendants' motion to dismiss is based, at least in part, upon matters outside the pleadings – the record indicating that Plaintiff Bradley has been transferred to the custody of TDOC (Docket Entry No. 19-1). Rule 12(d) of the Federal Rules of Civil Procedure provides that when matters outside the pleadings are considered by the court in ruling on a motion to dismiss pursuant to Rule 12(b)(6) or Rule 12(c), the motion must be treated as one for summary judgment pursuant to Rule 56.

2

in the complaint and because he is no longer confined in the Rutherford County facility where Defendants are employed.

For the above reasons, the undersigned Magistrate Judge finds that Plaintiff's complaint is MOOT and, for this reason, should be DISMISSED.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be GRANTED and the complaint DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 5th day of April, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge